# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br><br>MICHAEL SHORE<br><br>*Defendant(s)* | Case No. 17-749 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __see attached affidavit__ in the county of __Philadelphia__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251(a) | Attempted Manufacture of Child Pornography |
| 18 U.S.C. 2422(b) | Enticement of a Minor to Engage in Illicit Sexual Conduct and Attempt |

See Attachment A.

This criminal complaint is based on these facts:

See attached Affidavit

☐ Continued on the attached sheet.

_____
*Complainant's signature*

James Zajac, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/31/2017

_____
*Judge's signature*

City and state: Philadelphia, PA

RICHARD A. LLORET, U.S.M.J.
*Printed name and title*

17-749

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, James J. Zajac, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), Philadelphia Division, being duly sworn, depose and state as follows:

1.    I have been employed as a Special Agent of the FBI for 11 years, and am currently assigned to the Philadelphia Division's Violent Crimes Against Children Squad. While employed by the FBI, I have investigated federal criminal violations related to identity theft, Internet fraud, computer intrusions, and the FBI's Innocent Images National Initiative, which investigates matters involving the online sexual exploitation of children. I have gained experience through training at the FBI Academy, training at the Innocent Images Unit of the FBI, various conferences involving Innocent Images and Crimes Against Children, and everyday work related to conducting these types of investigations.

2.    As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3.    The statements in this Affidavit are based in part on my investigation of this matter and on information provided by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that MICHAEL S. SHORE, date of birth May 4, 1983, committed violations of Title 18 U.S.C. Sections 2251 and 2422 which makes it a crime to employ, use, persuade, induce, entice, or coerce any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such

1

conduct, or attempts to do so, and to persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity, or attempts to do so.

## LEGAL AUTHORITY

4.  Title 18 U.S.C. § 2251(a) and (e) prohibits a person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or attempting to do so.

5.  Title 18 U.S.C. § 2422(b) prohibits a person from using the mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, or attempting to do so.

## INVESTIGATIVE RESULTS

6.  On May 13, 2017 the parents of a 12-year old girl, hereafter referred to as VICTIM, reported to the St. Mary's County Sheriff's Office (SMCSO), located in St. Mary's County, Maryland, that an adult male has been in contact with their 12-year old daughter via Facebook, and that the messages he sent VICTIM were sexually graphic. The VICTIM and her parents then met with SMCSO on May 16, 2017 to provide the full details.

7.  The mother of VICTIM stated on May 12, 2017 she saw VICTIM speaking with someone on the telephone and saw the name of the person as MICHAEL SHORE. She then did online research on this name on Facebook and located a MICHAEL SHORE

residing in Richboro, Pennsylvania and was able to see that VICTIM was Facebook friends with him. SHORE's Facebook username is THEOTAKUJEWELER2.

8. On May 13, 2017, before seeing the actual messages between VICTIM and SHORE, the mother of VICTIM sent SHORE a private Facebook message advising him that the VICTIM was only 12 years old and in the 6th grade, and that she was a troubled child. She also directed him not to engage with VICTIM. SHORE responded that he did not know she was only 12 years old, that she tells people she is 16 years old online, but he was only her friend and was trying to help and support her. SHORE advised her mother that he has no intention of doing anything to her except to be her friend. Investigation later revealed that SHORE was 33 years of age.

9. Later that same day, May 13, 2017, after the VICTIM's mother advised SHORE that her daughter was just 12 years old, the mother again checked the VICTIM's Facebook account and saw that SHORE was now communicating with the VICTIM through private, direct messages. The messages were sexual in nature, with SHORE repeatedly asking the VICTIM for nude pictures of herself and telling the VICTIM that he wanted to have sex with her. The VICTIM's parents reported the contact to SMCSO that same day.

10. The VICTIM and her mother provided SMCSO with the VICTIM's Facebook login information and gave consent to law enforcement to retrieve the full Facebook message history between VICTIM and SHORE. The VICTIM and her mother also gave permission for law enforcement to use the VICTIM's Facebook account during this investigation. This information was then provided to your Affiant. Your Affiant logged into the VICTIM's

Facebook account on May 16, 2017, changed the password, downloaded the full message history between VICTIM and SHORE, and reviewed those messages.

11. Your Affiant's review revealed SHORE added the VICTIM as a Facebook friend on February 25, 2017 and continued to message with the VICTIM until May 13, 2017. They chatted about different comic conventions they went to or were planning to attend. SHORE asked the VICTIM her age, and she advised that she was 15 years old (not 16, as SHORE had advised her mother). SHORE told VICTIM he was 33 years old. Throughout the messages SHORE asked the VICTIM personal questions about her sexuality, inquired whether she was dating anyone, and continuously called her sexy, cute, babe, hot, and told her that he loved her. They exchange phone numbers with each other and the VICTIM also provided her home address to SHORE at his request. SHORE told the VICTIM when asking for her home address, "So we could hug, kiss, snuggle, cuddle, and more!!!" and "that will definitely happen this summer when you allow me to come over." SHORE also told the VICTIM, "even if my car was in the shop I'd borrow my parent's car to come see you my lover/girlfriend."

12. On multiple occasions SHORE told the VICTIM he wanted to hug and kiss her, and on one occasion told her, "Between you and me, if you'd let me, I'd have sex with you and of course I'd wear a condom." SHORE asked for nude pictures of the VICTIM telling her, "I was wondering if someday soon I could see you in just your underwear and nude."

13. SHORE and the VICTIM exchanged several pictures of each other via Facebook messages. The VICTIM was not nude in those photos, but in one picture she was wearing a sports bra with a towel or blanket wrapped around her waist. SHORE told the VICTIM after receiving one of her pictures, "Omg. So sexy!!!!! You are so gorgeous. I wanna

4

see you so badly and hold you, hug you, and kiss you. I wanna see all of you and I'd love to see you all exposed (if you catch my drift) I hope your not mad that I love you!!!!!!!!!!"

14.   SHORE continued to talk about sex with the VICTIM, asked her if she shaved her vagina, and then explained which sex acts he would engage in with her depending upon if she shaved her vagina.

15.   On May 16, 2017 after your Affiant took control of the VICTIM's Facebook account, your Affiant posed as the VICTIM and began to message SHORE. SHORE told the "VICTIM" that he had received a message from her mother, and asked the VICTIM if she was really 12 years old. Your Affiant, posing as VICTIM, responded that she was really 12 years old, and SHORE responded, "I am a little turned on that you wanna have sex with me and looking at your sister closer she's actually really cute and pretty. How old is she again." Your Affiant responded that the sister was nine years old. SHORE then asked if she ever did anything sexual with the sister and asked, "Have you ever made out with your sister cause I think you should." SHORE again asks to see pictures of VICTIM. When asked what kind of pictures he wanted, SHORE responded, "You nude in the shower of course or I'd love to hear you fingering yourself till orgasm."

16.   Your Affiant, posing as VICTIM, has continued to exchange messages with SHORE via Facebook. On May 20, 2017 SHORE showed your Affiant how to turn on "Secret Conversations" in Facebook Messenger which allows messages to be encrypted so that Facebook cannot even see these messages. SHORE directed your Affiant how to do this, explaining that we "can be more intimate." Conversations between your Affiant and SHORE via Facebook continued through May 30, 2017.

5

17. A review of MICHAEL SHORE's Facebook page with the user name THEOTAKUJEWELER2 shows his date of birth as May 4, 1983 and he is the owner and operator of Something for Everyone Jewelry. The Facebook page for Something for Everyone Jewelry shows it is located at 70 Redwood Drive, Richboro, PA 18954 with phone number 267-250-5507. This is the same phone number SHORE previously provided to the VICTIM.

18. On May 17, 2017 an administrative subpoena was served to Facebook Inc. requesting subscriber information and IP connection history for SHORE's Facebook account THEOTAKUJEWELER2. Facebook Inc. provided results showing this account is in the name MICHAEL SHORE with a verified cell phone number of 267-250-5507, which is the same phone number SHORE previously provided to VICTIM and is listed on Something for Everyone Jewelry's Facebook page. The last IP address used to log into SHORE's account as of the date of this subpoena was IP address 2601:44:202:6F70:8D94:ADAB:EA15:28F7 on April 27, 2017 at 15:45 (3:45 p.m.) UTC.

19. A search of the American Registry for Internet Numbers (ARIN) online database indicated IP address 2601:44:202:6F70:8D94:ADAB:EA15:28F7, the IP address used to log into SHORE's Facebook account, is registered to and assigned by the Internet Service Provider Comcast.

20. On May 23, 2017 the United States Postal Inspection Service stated MICHAEL SHORE receives mail at 70 Redwood Drive, Richboro, PA 18954 and SHORE receives large packages at that residence two or three times a week.

21. On May 24, 2017 an administrative subpoena was served to Comcast requesting subscriber information for IP address 2601:44:202:6F70:8D94:ADAB:EA15:28F7

6

assigned on April 27, 2017 at 15:45 (3:45 p.m.) UTC. Comcast provided results showing this IP address was assigned to the account registered to JOSEPH SHORE, 70 Redwood Drive, Richboro, PA 18954.

22. Public records reports accessed through Lexis Nexis, a public records database that can be accessed and searched over the Internet, for the above Comcast results for 70 Redwood Drive, Richboro, PA 18954 shows a JOSEPH SHORE associated with the address 70 Redwood Drive, Richboro, PA 18954. Also associated with the address 70 Redwood Drive, Richboro, PA 18954 is MICHAEL S. SHORE with the date of birth May 4, 1983. With this date of birth, SHORE would have been 33 years old when he first started chatting with the VICTIM when he told her he was 33 years old in February 2017. This also matches the date of birth listed on MICHAEL SHORE's Facebook page.

23. On May 26, 2017 SHORE sent a picture of himself via Facebook message at your Affiant's request. On May 27, 2017 SHORE sent another picture of himself. The pictures SHORE sent were compared to the PA Driver's License photo for MICHAEL S. SHORE, date of birth May 4, 1983, address 70 Redwood Drive, Richboro, PA 18954, and the photos sent by SHORE via Facebook were of MICHAEL S. SHORE with the above date of birth and address.

24. On May 30, 2017 your Affiant applied for and was granted a federal search warrant by United States Magistrate Judge Richard A. Lloret, Eastern District of PA, to search for and seize evidence of violations of Title 18 U.S.C. Sections 2251, 2252, 2252A, and 2422, which makes it a crime to produce, possess, receive, distribute, or access with the intent to view child pornography or visual depictions of minors engaging in sexually explicit conduct, or to persuade,

induce, entice, or coerce a minor to engage in illicit sexual conduct, and any attempts to do so, from 70 Redwood Drive, Richboro, PA 18954, the residence of MICHAEL S. SHORE.

25. On May 31, 2017 this federal search warrant was executed on MICHAEL SHORE's residence. SHORE was home at the time of the execution of the warrant, and after being advised of his Miranda warnings, he waived his Miranda rights and agreed to speak with agents. In his statement SHORE confessed to communicating online with the 12 year old VICTIM, requesting sexually explicit photographs from her, and engaging in sexually graphic communications with her. SHORE also admitted to communicating with other minor girls, requesting sexually explicit photographs, and masturbating to those photographs he received. SHORE advised that he had been the subject of a police investigation out of Northampton Police Department a few years ago after he had downloaded child pornography from the Internet, but that he was never formally charged. Lastly, SHORE admitted to sexually molesting a family member when he was a juvenile, but no charges were ever filed.

## CONCLUSION

26. Based upon the information above, I respectfully submit there is probable cause to believe that MICHAEL S. SHORE, did attempt to employ, use, persuade, induce, entice, or coerce a minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, in violation of 18 U.S.C. § 2251, and did use the Internet to persuade, induce, entice, or coerce a minor child to engage in sexual activity for which any person could be charged, and attempted to do so, in violation of 18 U.S.C. § 2422(b), in violation of Title 18 U.S.C. Section 2422(b), as more fully set forth in Attachment A.

27. Therefore, I respectfully request that the attached warrant be issued authorizing the arrest of MICHAEL S. SHORE, date of birth May 4, 1983.

_____
JAMES J. ZAJAC
Special Agent, Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 3/5/ DAY OF MAY, 2017

_____
HONORABLE RICHARD A. LLORET
United States Magistrate Judge

## ATTACHMENT A

### Count One – Attempted Manufacture of Child Pornography – 18 U.S.C. Section 2251

On or about April 25, 2017, in the Eastern District of Pennsylvania, defendant MICHAEL S. SHORE did knowingly attempt to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and defendant SHORE knew and had reason to know that the visual depiction would be transported or transmitted using a facility of interstate and foreign commerce (that is, the Internet) and in and affecting interstate and foreign commerce.

### Count Two – Attempted Manufacture of Child Pornography – 18 U.S.C. Section 2251

On or about May 18, 2017, in the Eastern District of Pennsylvania, defendant MICHAEL S. SHORE did knowingly attempt to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and defendant SHORE knew and had reason to know that the visual depiction would be transported or transmitted using a facility of interstate and foreign commerce (that is, the Internet) and in and affecting interstate and foreign commerce.

### Count Three – Attempted Enticement of a Minor – 18 U.S.C. Section 2422(b)

Between on or about February 25, 2017 through on or about May 30, 2017, in the Eastern District of Pennsylvania, defendant MICHAEL S. SHORE used a facility and means of interstate and foreign commerce, that is, the Internet, to persuade, induce, entice and coerce Victim #1, a minor child under the age of 18 years, to engage in sexual activity, for which any person could be charged with a criminal offense, and attempted to do so, that is, manufacture child pornography, in violation of 18 U.S.C. §2251(a).